IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY ALAN BENNETT            )
                              )
    v.                        )   NO. 3:15-0401
                              )
DERRICK SCHOFIELD, et al.     )

TO:  Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 11, 2015 (Docket Entry No. 4), this prisoner civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action *pro se* and *in forma pauperis* ("IFP") naming several prison officials as defendants and seeking relief under 42 U.S.C. § 1983 based upon allegations that he had been severely beaten, not fed for several days, denied medical treatment, sexually assaulted, and threatened with torture and death. Defendants have responded to the allegations and a scheduling order has been entered in the action.

As noted by the Court in the order of referral, the instant lawsuit is but one of many similar lawsuits brought by Plaintiff based upon horrific allegations that fall within the scope of the "imminent danger" exception to the three strikes rule of 28 U.S.C. § 1915(g) that would have otherwise barred the lawsuit from being filed. *See* Docket Entry No. 4 at 1.

In one of Plaintiff's other lawsuits, *Bennett v. Westbrooks, et al.*, 3:15-0937, the Honorable Joe Brown recently held an evidentiary hearing on December 16, 2015. The transcript of the hearing indicates that Plaintiff admitted that the allegations made by him in his pending lawsuits were frivolous, and Plaintiff requested to dismiss his pending lawsuits. *See* Transcript of Evidentiary Hearing in Case 3:15-0937, Docket Entry No. 50 at 13-15 and 24-27.

Given the Plaintiff's testimony at the evidentiary hearing conducted in *Bennett v. Westbrooks, et al.*, the Court finds that dismissal of the instant action is warranted. 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss an IFP action at any time if the Court determines that the action is "frivolous or malicious" or fails to state a claim upon which relief can be granted. Additionally, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Finally, Plaintiff's request for dismissal of his actions is akin to a request for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides that "an action may be dismissed upon the plaintiff's request only by court order, on terms that the court considers proper.

The instant action should be dismissed with prejudice because to dismiss the action without prejudice would cause Defendants to suffer plain legal prejudice. Further, Plaintiff's initiation of a now admittedly frivolous lawsuit has caused both Defendants and the Court to unnecessarily expend valuable resources. Finally, the Court notes that Plaintiff has a lengthy history of abusive litigation within this and other Districts. *See* Memorandum and Order entered August 31, 2015 in *Bennett v. Westbrooks, et al.*, 3:15-0834 (Haynes, J.).[1]

---

[1] This Report and Recommendation and the fourteen day period for objections to be filed by Plaintiff satisfy the procedural requirements for a *sua sponte* grant of dismissal. *See Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1984). *See also Yashon v. Gregory*, 737 F.2d 547, 552 (6th

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

Cir. 1984).